# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

FELIX WYNN,                                                               PETITIONER

V.                                                  NO.1:06CV199-D-D

BYRD, et al.,                                               RESPONDENTS

## OPINION

This cause comes before the court on the petition of Felix Wynn for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted on April 26, 2006, in the Circuit Court of Oktibbeha County, Mississippi, of the sell of a controlled substance. He further states that he was sentenced to a term of 120 years, following a plea of not guilty. He additionally says that he has appealed the conviction to the state supreme court and has filed a post-conviction action in the trial court but has not received a ruling in these matters.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)      An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner's case is still pending before the Mississippi Supreme Court. Therefore, he has not exhausted his available state remedies. Consequently, his petition to this court is premature and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 4th day of January, 2007

/s/ Glen H. Davidson
Chief Judge